**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

MELISSA SIMIEN, Mother and Next
Friend to JANNAI SIMIEN, a minor child,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner,
Social Security Administration,

    Defendant.

Case No. 05-CV-15-FHM

**ORDER**

Plaintiff, Melissa Simien, Mother and Next Friend to Jannai Simien, a minor child, seeks judicial review of a decision of the Commissioner of the Social Security Administration terminating previously granted benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**PROCEDURAL BACKGROUND**

In a previous proceeding, it was determined that Jannai Simien, six years old at the time, was disabled as of March 1, 1995, under the then existing regulations. As mandated by statute, 42 U.S.C. § 1382(a)(3)(C), a redetermination of Jannai's disability status was made under the new definition of disability for children. It was found that, as of July 1997, Jannai no longer qualified for SSI benefits. [R. 107]. Plaintiff appealed. The redetermination was affirmed on reconsideration. After hearing, Administrative Law Judge (ALJ) Philip R. Kline entered the findings that are the subject of this appeal. [R. 11-21].

## STANDARD OF REVIEW

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## DISCUSSION

Under the revised standard, a child seeking SSI benefits will be disabled if he or she has a medically determinable impairment "which results in marked and severe functional limitations, and which meets the statutory duration requirement. 42 U.S.C. § 1382C(A)(3)(c). The Agency rules require the use of a three-step evaluation which considers: (1) whether the child is working; (2) whether the child has a medically determinable "severe" impairment or combination of impairments; and (3) whether the

child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a Listed Impairment. 20 C.F.R. § 416.924.

The present case presents the question whether Jannai's impairments functionally equal the severity of a Listed Impairment. Functional equivalence exists when a child's medically determinable impairment or combination of impairments results in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. §§ 416.994a(b)(3)(iii); 416. 926a(a); 416.924(d)(2). The six domains of functionality are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.

The ALJ found Jannai did not have marked limitations in two domains or extreme limitations in any one domain. [R. 19]. He found Jannai had marked limitations in the area of interacting and relating with others. [R. 18]. In the remaining domains he found Jannai to be without limitations, or to have less than marked limitations. Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff argues that ALJ "cherry picked" facts to support a decision instead of examining the record as a whole;[1] and he failed to adequately assist Plaintiff who was not represented at the hearing by counsel.

---

[1] The ALJ found that Jannai had experienced medical improvement. [R. 13]. Plaintiff's brief is devoted almost entirely to challenging this finding. However, as the Commissioner points out, the 1996 Act required that Jannai's disability be redetermined without reference to the medical improvement standard. 42 U.S.C. § 1382c(a)(3)(H)(iii). Plaintiff's reply brief states that Plaintiff agrees with the Commissioner's statement of changes in the law. [Dkt. 18, p. 2]. There is therefore no dispute as to whether the ALJ was required to apply the medical improvement standard. He was not.

Since the ALJ's medical improvement analysis was unnecessary and had no effect on the outcome, the undersigned has not addressed Plaintiff's contentions concerning that analysis. The Court has considered Plaintiff's allegations as they relate to the ALJ's analysis under the applicable standards

## ALJ's Examination of the Record

Disability is alleged as a result of attention deficit hyperactivity disorder and oppositional defiant disorder. Jannai has also been diagnosed as being bipolar. His medical and school records contain a number of assessments documenting Jannai's academic progress and behaviors including physical aggression and fighting.

Plaintiff notes that Jannai's IQ is within the normal range and it is his behavior which causes problems, not lack of intelligence. [Dkt. 16, p. 6 n3]. The key domain in this case is Interacting and Relating with Others. The ALJ found that Jannai had marked limitations in that domain. [R. 18]. A finding that Jannai had extreme limitations in regard to Interacting and Relating with Others would result in a finding of disability.

Plaintiff essentially argues that in making his findings, the ALJ failed to take into account information in the record which failed to support his decision. Thus the question in this case boils down to whether substantial evidence supports the conclusion that Jannai has "marked" rather than "extreme" limitations in the domain of interacting and relating with others. The Court finds that, contrary to Plaintiff's contentions, the ALJ fully examined the record and the decision is supported by substantial evidence cited in the decision.

Plaintiff argues that the ALJ ignored psychiatric records reflecting a Global Assessment of Functioning (GAF) for Jannai of between 30 and 50. According to Plaintiff, in the range of 30 to 45, one should see, "Some impairment in reality testing or impairment in speech and communication or serious impairment in several of the following: occupational or school functioning, interpersonal relationships, judgment, thinking or mood or presence of hallucinations or delusions which influence behavior or serious impairment

4

in ability to communicate with others or serious impairment in judgment or inability to function in almost all areas." [Dkt. 16, p. 6] [emphasis supplied].

A GAF of 30 appeared in a psychiatric record generated on April 11, 1997, [R. 194], at the Louisiana Youth Academy. The ALJ mentioned these records, although not the GAF score, at page 4 of the decision. [R. 14]. Records containing the 50 GAF score were dated October and December 1999, in the Mental Health, Mental Retardation Authority of Harris County (MHMRA) records, [R. 241-46], mentioned at page 5 [R. 15] of the decision. One GAF score of 35 was dated March 15, 1995 [R. 84], before Plaintiff's initial disability date. Those records were not mentioned by the ALJ. Another GAF rating of 35 to 45 is dated May 6, 2004, and is contained in the West Oaks Hospital records, [R. 331], which the ALJ summarized at page 5 [R. 15] of the decision. It is clear the ALJ did not ignore these records. The GAF ratings are just one part of the medical record. For each GAF rating there is a variety of possible signs or symptoms which might result in the particular rating. In view of the ALJ's thorough summary of the record, the ALJ's failure to mention the GAF ratings does not indicate, as Plaintiff argues, that the ALJ failed to understand the record.

Plaintiff also points to a review of Jannai's Individual Education Plan (IEP) [R. 334-374] which indicates that none of his objectives had been mastered. The Court notes that the educational objectives are characterized as annual goals and in most academic areas the reviewer noted some progress had been made. That none of the objectives had been mastered does not deprive the ALJ's findings of substantial support in the evidence.

Plaintiff points out that psychiatric records on May 3, 2004, reflect that Jannai was admitted with aggression, hitting other kids, decreased sleep, crying and marijuana use. He denied suicidal ideation, but admitted having auditory hallucinations and was observed

5

to be paranoid with poor judgment and insight. [R. 331]. The ALJ discussed these records at page 5 [R. 15] of his decision. He accurately noted that on admission Jannai was exhibiting aggressive behaviors, drug usage, gang involvement, decreased sleep, auditory hallucinations, and paranoid thoughts. Lab results were positive for cannabis. Jannai was placed on Risperdal and encouraged to begin a 12-step program concerning his drug use. Following a few days treatment, Jannai was absent of any aggression, had decreased impulsivity, and was no longer hearing voices. [R. 15, 331-32].

Review of the record and the ALJ's decision does not bear out Plaintiff's assertion that the ALJ ignored portions of the records, or the opinions of the professionals who dealt with him.

The undersigned rejects Plaintiff's assertion that the ALJ was required to order a current mental status examination. [Dkt. 16, p. 7]. Generally, "the ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). The regulations, 20 C.F.R. § 416.926a(b)(2), require the ALJ to determine what functional limitations are demonstrated by the record in light of the following questions:

> (i) What activities is the child able to perform?
> (ii) What activities is the child not able to perform?
> (iii) Which of the child's activities are limited or restricted compared to other children of the same age who do not have impairments?
> (iv) Where does the child have difficulty with activities–at home, in childcare, at school, or in the community?
> (v) Does the child have difficulty independently initiating, sustaining or completing activities?

> (vi) What kind of help does the child need to do their activities, how much help does the child need, and how often does the child need it?

[R. 16]. Plaintiff has not demonstrated that an additional examination would be of assistance in evaluating these questions.

The Court finds that the ALJ appropriately evaluated the record and that is decision is supported by substantial evidence.

### **Plaintiff's Lack of Representation**

Plaintiff, who was not represented by counsel at the hearing, argues that the ALJ failed to take adequate steps to assist her. Plaintiff argues that the hearing was too brief, the ALJ did not ascertain whether Jannai was currently attending school, whether he was currently taking medications, or what type of medications were being taken.

The Court notes that the hearing was held in July, so one would not expect Jannai to be attending school at the time. The ALJ inquired of Jannai's mother about his medications and her opinion of their effectiveness. [R. 406]. He asked about Jannai's activities and recreational drug use, and behavior. [R. 404-406]. Both Jannai and Plaintiff were given an opportunity to add anything to the record they desired. [R. 407, 408]. Although the hearing was brief, Plaintiff has not demonstrated it was deficient. Further, the Court notes that Plaintiff was advised of her opportunity to submit additional evidence to the Appeals Council. [R. 9]. No additional information was submitted. Plaintiff's assertion that the receipt of certain additional information may have been helpful to the ALJ does not present reason to remand the case.

### **CONCLUSION**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner is AFFIRMED.

SO ORDERED this 15th day of February, 2006.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE